### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
### CASE NO. 08-22669-CIV-COOKE/BANDSTRA

REBECCA NAJMAN DE SZTERENSUS, *et al.*,

     *Plaintiffs*,

v.

BANK OF AMERICA, N.A.,

     *Defendant.*

_____/

### ORDER ON DEFENDANT'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

     This matter is before me on Defendant's Motions for Partial Final Summary Judgment [D.E. 85, 92], Plaintiff's responses in opposition [D.E. 115, 116], and Defendant's replies thereto [D.E. 136, 137]. I am denying Defendant's motions.

**Undisputed Factual Background**

     Plaintiffs Rebecca Najman de Szterensus, David Szterensus, Eduardo Szterensus, Karina Szterensus, and Ryva Szterensus were customers of Defendant Bank of America ("BOA" or "the bank") for over twenty years.[1] Plaintiffs conducted their banking business with Ricardo Figueredo, who was employed as a Sales and Service Associate and Personal Banker before he became an Assistant Branch Manager at BOA's Lincoln Road Branch in 2005. Plaintiffs deposited money, through Figueredo, into three different Certificates of Deposit ("CDs") at Bank of America in the following amounts: $710,000 ("CD 1"), $715,000 ("CD 2"), and $850,000 ("CD3"). Although BOA does not have any record of CD 1 or CD 2 being opened, Figueredo gave Plaintiffs CD receipts

_____

[1]Bank of America previously operated as Barnett Bank, N.A. and NationsBank, N.A.

which evidenced all three of the CD deposits with Bank of America.[2] [*See* D.E. 115-7].  Moreover, Figueredo provided Plaintiffs with a statement of accounts dated May 24, 2006 which reflected the account numbers of the three CDs, as well as a separate account. [*See* D.E. 115-9].

On April 22, 2008, a BOA customer informed the bank of possible misconduct by Figueredo. BOA terminated Figureredo's employment on May 2, 2008, after it conducted its own investigation. BOA waited until after Figueredo's employment was terminated to notify governmental agencies of Figueredo's alleged misconduct.  When Plaintiffs called BOA to inquire about their CDs after May 2, 2008, they were informed that BOA had no record of any such CDs.  Despite Plaintiffs' repeated demands for the return of their funds, BOA has not reimbursed the Plaintiffs.  On September 26, 2008 Plaintiffs filed a seven count Complaint against BOA.

**Legal Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  The Court, however, must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue of material fact

---

[2] BOA's general document retention policy is to retain documents for seven years.  BOA has found and produced documents dating back to 1999 during the course of this litigation.

remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). Furthermore, the court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, GA*, 485 F.3d 1130, 1140 (11th Cir. 2007) (citing *Carlin Commc'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

**Analysis**

    **A.    Count V**

BOA seeks summary judgment on Count V of Plaintiff's Complaint, which alleges a claim for conversion against BOA. Under Florida law, the elements of conversion are divided into three parts: (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. *Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co., LLC*, 125 F. Supp. 2d 1093, 1099 (S.D. Fla. 2000). To establish a claim for the conversion of money, there must exist a specific fund capable of identification. *Id.* at 1100.

BOA argues that it is entitled to summary judgment on this count because Plaintiffs cannot identify the specific money that was stolen, and thus will be unable to conclusively establish that they deposited the funds at issue with the bank. In order to reach this conclusion, however, I would have to find that the three CD receipts Plaintiffs have produced are false. Such a finding is improper on motion for summary judgment, where I may not weigh conflicting evidence to resolve disputed factual issues. *See Skop*, 485 F.3d at 1140.

BOA also claims that any obligation it has to Plaintiffs is a mere obligation to pay money, which cannot be enforced through a claim for conversion. The only case BOA cites in support of this contention is *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). In *Gasparini*, however, the court specifically stated that its holding did not reflect that "there can never be a claim for civil theft or conversion if there is a contractual relationship between the parties..."

*Id*. at 1055.  Instead, the civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of the contract.  *Id.*  Here, the Plaintiffs do not simply allege that BOA breached a contract. They allege that the money they deposited with BOA was stolen by BOA and/or its agents.  This act clearly goes beyond a mere failure to comply with the terms of the contract.

Alternately, BOA argues that Plaintiffs' claim for conversion is barred by the economic loss doctrine because "Plaintiffs have not alleged any act independent from a potential breach of contract."  As I previously found in my Order denying BOA's Motion to Dismiss [*See* D.E. 119], however, the economic loss rule does not bar torts committed independently of the contract breach.  *See also Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 537 (Fla. 2004).  Plaintiffs allege that BOA breached the written contract between the parties by failing to: provide for the return of Plaintiffs' funds, provide for the safety and security of those funds, and prevent the theft of those funds.  Plaintiffs' claim of conversion, in contrast, alleges that BOA and/or its agents misappropriated Plaintiffs' $2.275 million dollars for their own use.  BOA, moreover, has refused to return these funds to Plaintiffs, despite a demand for the return.  These acts constitute a tort that is separate and independent of the breach of contract.  For the reasons stated above, I am denying BOA's motion for summary judgment as to Count V.

**B.     Count VI**

BOA makes a variety of arguments as to why it is also entitled to summary judgment on Count VI of the Complaint, which states a claim for civil theft.  To establish a claim for civil theft, a plaintiff must show that the defendant knowingly obtained or used, or endeavored to obtain or to use, the plaintiff's property with the intent to, either temporarily or permanently, deprive the plaintiff of a right to the property or a benefit from the property, or appropriate the property to the defendant's own use or to the use of any person not entitled to the use of the property.  *Palmer v. Gotta Have it*

*Golf Collectibles, Inc.*, 106 F.Supp. 2d 1289, 1303 (S.D. Fla. 2000). A plaintiff must also show that the defendant obtained the plaintiff's property with the felonious intent to commit theft. *Id.*

BOA first argues that it is entitled to summary judgment on Plaintiff's civil theft claim because it was Figueredo who committed the acts that constitute civil theft, not the bank. This argument is contrary to the established law of the Eleventh Circuit. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 19985) ("The rule is well established that a corporation is an artificial entity that can only act through agents...").[3]

BOA also challenges Plaintiffs' entitlement to treble damages under their claim for civil theft. According to BOA, "Florida law clearly specifies that a claim for civil theft, which carries the potential of treble damages, is generally prohibited where there is a contractual relationship between the parties." (citing *Leisure Founders, Inc. v. CUC Int'l, Inc.*, 833 F.Supp. 1562, 1573 (S.D.Fla. 1993) and *Rosen v. Marlin*, 486 So. 2d 623, 624 (Fla. 3d DCA 1986)). The court in *Leisure*, however, goes on to state that, despite this *general* prohibition, "the contractual relationship between the parties will not except the defendant from potential liability for treble damages" where the contract between the parties is irrelevant to the facts surrounding the alleged conversion or where the contract is merely incidental to the conversion. 833 F.Supp. at 1573-1574. I have previously held that the acts constituting civil theft are separate and apart from the breach of contract claim, and BOA has produced no new facts to contradict this finding. Accordingly, I do not find that Plaintiffs are prohibited from recovering treble damages under Count VI.[4]

---

[3]BOA even cites to *United Technologies Corp. v. Mazer* in its Motion for Summary Judgment, which states that "[i]t is axiomatic that a corporation like [the defendant] cannot act other than through its officers, employees, and agents." 556 F.3d 1260, 1271 (11th Cir. 2009)(citation omitted).

[4]BOA also argues that Plaintiffs cannot recover punitive damages under this count. Plaintiffs, however, have not requested punitive damages, which they are specifically prohibited

Next, BOA argues that Count VI is barred by the five-year statute of limitations because it "has not located any records evidencing that CD 1 and CD 2 for $710,000.00 and $715,000, respectively, were even opened at the Bank."  A civil theft claim must be commenced within 5 years after the conduct terminates or the cause of action accrues.  § 772.17 Fla. Stat.  A civil theft cause of action accrues when the plaintiff should reasonably have known of the possible invasion of legal rights.  *See Huff Groves Trust v. Caulkins Indiantown Citrus Co.*, 829 So. 2d 923 (Fla. 4th DCA 2002).  BOA's argument in favor of summary judgment is based entirely on supposition– it has not presented any evidence regarding when the Plaintiffs' money was stolen.[5]  Viewing the evidence in the light most favorable to Plaintiffs, the non-moving party, I cannot conclude that Plaintiffs' claim is barred by the statute of limitations.  *Accord, Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1044 (11th Cir. 1986) ("When considering a motion for summary judgment, a court must resolve all factual questions in favor of the party opposing the motion").

Finally, BOA argues that Figueredo's conduct was outside the scope of his employment, which absolves the bank from liability.  The general rule is that an employer cannot be liable for the tortious or criminal acts of an employee, unless they were committed during the course of the employment, and to further a purpose or interest, however excessive or misguided, of the employer. *See United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009).  Plaintiffs allege, however, that BOA is liable for Figueredo's acts under the apparent authority doctrine.  The apparent authority doctrine creates an exception to the general rule, where the employee purported to act or speak on behalf of the employer and there was reliance upon apparent authority, or he was aided in

---

from recovering under Florida Statute §772.11.

[5]BOA opines that the theft "had to have occurred prior to 1999 as the Bank has no records of these transactions."

accomplishing the tort by the existence of the agency relation.  *See Nazareth v. Herndon Ambulance Service, Inc.*, 467 So. 2d 1076, 1078 (Fla. 5th DCA 2985) (citing Restatement (Second) of Agency § 219(2)(d) (1958)).  Plaintiffs argue that BOA at all times held Figueredo out as the employee in charge of non-resident accounts, created business cards for Figueredo, and encouraged him to portray himself as the person in charge of their accounts.  I am denying summary judgment on this issue because the existence of apparent authority is a question of fact.  *See United Bonding Ins. Co. v. Banco Suizo-Panameno, S.A.*, 422 F.2d 1142, 1146 (5th Cir. 1970).[6]  For the reasons stated above, BOA's motion for summary judgment as to Count VI is also denied.

## C.    Counts I and II

BOA filed a second motion for partial summary judgment on Counts I and II of Plaintiffs' Complaint. [D.E. 92].  Local Rule 7.1.C.2 for the Southern District of Florida provides, however, that "[t]he practice of filing multiple motions for partial summary judgment shall be prohibited, absent prior permission of the Court." Local Rule 7.1.C.2, S.D. Fla. L.R.  BOA never requested permission to file multiple motions for summary judgment.  I am therefore directing the clerk to STRIKE this motion, and all related documents, from the record.

**Conclusion**

Accordingly, Defendant Bank of America's Motion for Partial Summary Judgment [D.E. 85] is **DENIED**.  The clerk is directed to **STRIKE** those documents related to Defendant's Second Motion for Partial Summary Judgment [D.E. 92, 116, 137].

---

[6]Fifth Circuit decisions rendered prior to September 30, 1981 are binding precedent on this court.  *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of February 2010.

Marcia G. Cooke
_____
MARCIA G. COOKE
United States District Judge

cc:

*The Honorable Ted E. Bandstra*

*All counsel of record*